IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aubin Liberte, | C/A No. 0:19-cv-02706-JFA-PJG |
| Petitioner, | |
| v. | |
| | **ORDER** |
| Richard Cothran, | |
| Respondent. | |

## I.     INTRODUCTION

The *pro se* petitioner, Aubin Liberte ("Petitioner"), brought this action pursuant to

28 U.S.C. § 2254 for habeas relief. In accordance with 28 U.S.C. § 636(b) and Local Civil

Rule 73.02(B)(2)(c) (D.S.C.), the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and

Recommendation ("Report") and opines that this petition should be summarily dismissed

without prejudice and without requiring the respondent to file a return because it is

impermissibly successive. (ECF No. 10). The Report sets forth, in detail, the relevant facts

and standards of law on this matter, and this Court incorporates those facts and standards

without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Petitioner was advised of his right to object to the Report, which was entered on the docket on November 6, 2019. (ECF No. 10). The Magistrate Judge required the petitioner to file objections by November 20, 2019. *Id.* However, Petitioner failed to timely file objections. Petitioner did file objections on November 26, 2019.[2] (ECF No. 15). Although Petitioner's objections were untimely, the court will consider them nonetheless.

## II.    STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate Judge's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus

---

[2] These objections were stamped as received by the prison mailroom for forwarding to the court on November 26, 2019, (ECF No 15-4) and are therefore deemed to have been filed on that date. *See Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding *pro se* prisoner's pleading is deemed filed at moment of delivery to prison authorities for forwarding to district court).

requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

## III.   DISCUSSION

Within his sole objection, Petitioner states that "the instant case should not be summarily dismissed as a successive § 2254 petition, because the original petition was never adjudicated on the merits, and the argument raised was and is subject matter jurisdiction which may be raised at any time." (ECF No. 15, p. 2).

Petitioner is correct in asserting that a petition is only successive if the original petition was adjudicated on the merits. *See* 28 U.S.C. § 2244(b). However, Petitioner is incorrect in alleging that his original petition was not adjudicated on the merits. As stated in the Report, Petitioner's original 2009 petition was dismissed as untimely which is

considered a dismissal on the merits. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases). Thus, the instant petition is successive and must be dismissed.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report, and subsequent objections, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law and incorporates it herein by reference. (ECF No. 10). Consequently, the petition (ECF No. 1) is dismissed without prejudice and without requiring a return from respondent.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 4, 2019                                            Joseph F. Anderson, Jr.
Columbia, South Carolina                              United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the Court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."